324 So.2d 481 (1975)
LIBERTY LOAN CORPORATION OF EUNICE, INC., Plaintiff-Appellant,
v.
Paul LAVINE et al., Defendant-Appellee.
No. 5208.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
*482 Tate & McManus, by Vernon C. Mc-Manus, Eunice, for plaintiff-appellant.
Sandoz, Sandoz & Schiff, by Gerald H. Schiff, Opelousas, for defendant-appellee.
Before HOOD, HUMPHRIES and PETERS, JJ.
HUMPHRIES, Judge.
This is an appeal from an adverse judgment rendered in an action on a promissory note. We reverse.
Liberty Loan Corporation of Eunice, Inc. (Liberty Loan) brought an action against Paul and Antee Lavine for the unpaid balance on a promissory note executed by these two defendants. The defendants resisted the claim on the contention that the plaintiff was not a holder in due course and that there was a partial failure of consideration.
In November of 1968, the plaintiff entered into a contract with Long's Siding and Remodeling Company whereby the latter was to install aluminum insulation and siding on the defendants' house. The defendants desired to add an addition to their house, and it was agreed in the contract that after this addition was completed, the contractor was to place siding on the new addition. The amount of the contract was $4,860.00. The contract price was to be represented by a promissory note payable monthly over a 5 year span.
In addition to the amount of the contract, the defendants needed $2,000.00 additional money to pay off other obligations and $500 to add to the house. The need for these sums and the other incidentals of making the loan ran the note to $7,596.60. The note was dated November 6, 1968 and was signed by Paul and Antee Lavine as makers. It was made payable to the order of "ourselves" and endorsed in blank. It provided for 60 consecutive monthly payments of $121.61 each. The first payment was due on January 4, 1969. This note was endorsed by Long to Securities Investment Company of St. Louis. Securities Investment Company sent the money to the makers.
In April of 1969 Securities Investment Company of St. Louis wrote the makers and advised them that it had an "affiliate office" near the makers residence, whose corporate name was Liberty Loan Corporation. The letter stated that because of the nearness of that corporation to the defendants it was assigning the account to that office. Securities Investment Company, without endorsement, sent the note to Liberty Loan Corporation of Eunice. The makers paid on the note until there was only $1,384.22 remaining due and payable. The last payment was in May of 1973.
The trial judge held that Securites Investment was not a holder in due course because it was an "actual party to the original transaction." The mere fact that an investment company is a party to or knowledgeable of the initial transaction does not deprive it of subsequently becoming a holder in due course when a homeowner executes a note. Many lending institutions are in on the original transaction or knowledgeable of the original transaction for various reasons. They try to protect *483 the dignity of the subsequent mortgage or they try to see that a competent and reputable contractor is being used by the borrower and for other reasons that we need not discuss here.
A holder in due course is defined in R.S. 7:52 (The law in effect at the time of these transactions.)
"A holder in due course is a holder who has taken the instrument under the following conditions:
(1) That it is complete and regular upon its face;
(2) That he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact;
(3) That he took it in good faith and for value;
(4) That at the time that it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."
The record reflects that all of the conditions are met by Securities Investment.
We are of the opinion that Liberty Loan Corporation is a holder in due course even though there was no endorsement by Securities Investment, Inc. to Liberty Loan. The note was originally made to ourselves and endorsed in blank by the makers and thus became bearer paper. R.S. 7:40 stands for the proposition that if the instrument is originally bearer paper it forever remains bearer paper, in spite of special endorsements.
"Where an instrument, payable to bearer, is indorsed specially, it may nevertheless be further negotiated by delivery; but the person indorsing specially is liable as indorser to only such holder as make the title through his indorsement."
In Coltharp v. Calcasieu-Marine National Bank, 199 So.2d 568 (La.App., 3rd Cir. 1967) the Court recognized the distinction between instruments that were originally bearer paper and instruments that are originally order paper but subsequently become bearer paper by blank endorsement and are then specially endorsed. In the latter case the instrument is converted from bearer paper back to order paper by the special endorsement.
We think the result would be the same even if Liberty Loan Corporation had not been a holder in due course. Liberty Loan has proven that it is a transferee and therefore is vested with such title as the transferor had, plus the right to have the transferor's endorsement on the note. Wilson v. Levin, 127 So.2d 247 (La.App.4th Cir. 1961); Gleason v. Barrileaux, 292 So.2d 804 (La.App., 1st Cir. 1974). Also Preferred Investment Corporation v. Denson, 251 So.2d 455 (La.App., 1st Cir. 1971).
A transferee, as distinguished from a holder in due course, is subject to the same defenses by the maker as if the note were non-negotiable. In Re: Clover Ridge Planting and Manufacturing Company, 178 La. 302, 151 So. 212 (1933).
After the testimony of the last witness the defendants filed an exception of no right and/or no cause of action because Liberty Loan is not an endorsee, which was not acted upon by the trial judge.
The exception is without merit as this plaintiff has the right to bring an action on this note even as transferee.
While the defendants assert failure of consideration there is no proof in the record as to the amount of the failure of consideration. No attempt was made to show the value of the material and labor that would be necessary to place aluminum siding on the addition to the defendants' house if they constructed the addition. Since the defendants failed to sustain this burden of proof this defense must fail under any classification of Liberty Loan.
*484 There is judgment herein favor of Liberty Loan of Eunice, Inc. in the sum of $1,384.22 with 8% per annum interest thereon from May 31, 1973 until paid and attorneys fees of 25% of the principal and interest due. The defendants are cast for all costs in both courts.
Reversed.