CAVANAUGH, Judge.
This is a suit by Mrs. Clarence R. Grelle and her husband against Mrs. Pauline T. Patecek, Frank J. Patecek and Bertha Patecek, wife of Gustav A. von .Schneidau, as owners of the building occupied by a mercantile business owned by Gustav A. von Schneidau, who is a fourth defendant. All parties are of full age and residents of the Parish of St. Tammany, Louisiana. Defendants filed an exception of vagueness, to which plaintiff responded with a supplemental and amended petition, whereupon defendants answered with a general denial. Upon trial on the merits, judgment was rendered dismissing plaintiffs’ suit. Plaintiff takes this appeal.
The store building belonging to defendants Patecek is located in the Town of Covington, Louisiana, and defendant von Schneidau engages therein in retail of general merchandise, such as is customary for a department store. The store is located at the corner of Columbia and Boston Streets with its main entrance on Columbia Street.
Petitioner, Mrs. Clarence R. Grelle, alleges that in midafternoon of March 11, 1952, she entered defendant von Schneidau’s retail store for the purpose of trading with the said establishment and that while walking from one portion of the store to another, with due care and caution, she caught her foot on an uneven portion of the flooring at a place where one slab of the concrete floor was an inch to an inch and a half lower than the adjoining slab and that as a result of catching her foot on the uneven pavement she was thrown to the floor thereby receiving contusions of the bridge of her nose and a fracture of the tip of the left fibula. Mrs Grelle seeks damages in the sum of $2,500 for present pain and suffering, loss of sleep and rest, and $1,000 for future pain and suffering as a result of traumatic arthritis. Mr. Clarence R. Grelle prays for damages in the sum of $74.70, same being expenses paid by him for doctors and other services required by Mrs. Grelle as a result of the accident.
Defendant admits the existence of the alleged store located at 311 Columbia Street, Covington, Louisiana, and that there is no lease agreement between defendants affecting the liability of any of the parties for personal injuries that may be sustained by anyone in the said premises, but as to all other allegations defendant answers with complete denial and prayer that plaintiffs’ demand be rejected and the suit dismissed at their costs.
There was no witness to the fall sustained by Mrs. Grelle. The first person to reach her after the event was Mrs. J. A. Tarsney, a saleslady employed by von Schneidau. Plaintiff called seven witnesses besides herself and her husband. Gustav A. von Schneidau was called to testify, by plaintiff, on cross-examination. Defendant called no witnesses because, as stated in brief, there were no witnesses to the accident.
On trial of the matter, it was shown that Mrs. Grelle did fall to the floor in an aisle or passageway in the men’s department of defendant von Schneidau’s store on the date and about the time alleged. The testimony further reveals, and it is accepted as a fact, that at or in the vicinity of the place where Mrs. Grelle fell, the concrete floor was uneven. It was shown that this unevenness was due to settlement of a concrete floor slab at and along a floor slab joint in the aisle, said joint running parallel to a line of show cases and about 18 inches therefrom. The extent of the settlement varied from zero to a maximum of five-eighths of an inch and then decreased to zero again, over a total distance of about four feet. The adjoining floor slab toward the opposite side of the aisle had not settled, thus, along the joint for a distance of about four feet was a small vertical drop varying from nothing at one end to five-eighths inch and then decreasing or tapering to zero again. Further, *351 it was not disputed that the described irregularity in the surface of the floor, at or near the place where Mrs. Grelle fell, had been in such condition ever since the store was opened at that location which was in 1936, and that, during those sixteen years no one had complained of any inconvenience or of having suffered any disabling consequences in spite of the fact that thousands of people had traversed the identical aisle where the unevenness was present. Mrs. Grelle testified she had been in the store hundreds of times and that she had walked through the men’s department but had never noticed the uneven floor. It is certain that the variation in the surface of the floor was so slight and insignificant that it would not be noticed by the ordinary person using the aisle. However, Mrs. Tarsney, the saleslady who testified, and Mr. von Schneidau, the owner, knew the floor was slightly uneven at that one place.
Mrs. Grelle alleges, and it is not disputed, that she went into defendant’s store for the purpose of trading with the said establishment which fact has an important bearing on the legal duty owed Mrs. Grelle by the defendant storekeeper.
 We concur in the finding of the lower court that persons who enter upon the premises of a storekeeper for the purpose of trading with the establishment are invitees. This conclusion was based on the holdings of Bartell v. Serio, La.App., 180 So. 460, and Riche v Thompson, La.App., 6 So.2d 566. Each of said cases holds that the owner of a building or a storekeeper is not an insurer of the safety of all who might pass or enter as customers, and such owner or storekeeper is not required to keep floors and passageways in perfect condition but need only exercise ordinary care to keep them in a reasonably safe condition for his customers.
“It is well settled that an owner or occupant of premises owes an invitee the duty to use ordinary care to have the premises in a reasonably safe condition for use in a manner consistent with the purpose of the premises.” Savoy v. G. F. Poole Mortuary, La.App., 60 So.2d 108, 110.
Plaintiff has favored us with a lengthy brief in which many cases are cited, both where recovery was had and where it was denied. Considerable stress is also laid upon the expressions “legal certainty” and “preponderance of the evidence” as related to the proofs necessary to establish liability. As we have before stated, the testimony proved to the satisfaction of the trial court certain important facts. It was shown and accepted as true, that Mrs. Grelle did fall in the store, that the floor in the vicinity of where she fell was uneven, that such condition of the floor had existed for as long as sixteen years, that thousands of people traversed the identical area without incident or complaint, and that Mrs. Grelle was in the store as a customer. The preponderance of the evidence establishes all of these facts; however no evidence whatever was adduced to show that the floor of this store was not maintained in a reasonably safe condition consistent with the purposes of the premises or that the owner had not exercised ordinary care to keep them so. It therefore becomes the duty of the court to exercise its judgment in the light of the established rules of law and the jurisprudence to find an answer to the questions of ordinary care and reasonableness displayed by the store owner under the circumstances.
 Bearing in mind that the rule of ordinary care and reasonableness does not require perfection, that is, such maintenance that no undesirable incident could happen under any condition, it follows that the rule of law envisions only a degree of care which would satisfy the requirements of a person of ordinary intelligence and prudence. In the instant case the store had been operated in its present location and under identical floor conditions for sixteen years without incident or any complaint or indication whatever that the unevenness of the floor in the aisle was sufficient to constitute a hazard to customers. In the light of this fact and the nature, location and extent of the depression of the *352 floor, which was otherwise in perfect condition, we believe that petitioners have failed to prove their case. We hold that under all of the facts and circumstances, the accident suffered by Mrs. Grelle was not such as might have been reasonably foreseen by a man of ordinary intelligence and prudence.
“ ‘It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable con sequence. * * * A mere failure to ward against a result which could not have been reasonably anticipated is not actionable negligence.’ ” Riche v. Thompson, La.App., 6 So.2d 566, 569.
For the reasons assigned, the judgment of the lower court is affirmed, all costs of this appeal to be paid by petitioners.