125 So.2d 185 (1960)
John C. DYER
v.
STEPHENS BUICK CO. and New Amsterdam Casualty Co.
No. 21470.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1960.
Rehearing Denied January 3, 1961.
*186 Girard J. Fernandez, New Orleans, for plaintiff and appellee.
Lemle & Kelleher, Allen R. Fontenot, New Orleans, for defendants and appellants.
SAMUEL, Judge.
The plaintiff drove his automobile into the reception area of the defendant Buick Company, an automobile sales and service establishment, for the purpose of having the car repaired. In getting out of the car from his position in the driver's seat he slipped and fell to the floor as a result of stepping into a spot of oil. His suit is against the Stephens Buick Company and its insurer for injuries caused by the fall. The defendants' answer alleges their reasonable care in keeping the premises safe for customers, an absence on their part of either actual or constructive notice of the presence of the oil spot and, in the alternative, contributory negligence. From a judgment in favor of the plaintiff the defendants have appealed. The plaintiff has answered the appeal praying for an increase in his award for pain and suffering.
Despite some conflict in the testimony, particularly in connection with an important fact which will be discussed in detail later, the evidence establishes that:
The plaintiff was familiar with the reception area into which he drove, having been there on several previous occasions for the same purpose. He arrived two or more hours after the establishment opened, some cars having been in the area before him that morning, stopped after he drove in from the street, remained in the car for about three to five minutes, and then drove, either at the direction of one of the employees of the defendant establishment or at his own initiative, some twenty or thirty feet and parked. He fell as he was alighting from his car when he stepped into an oil spot with his left foot. The spot consisted of transmission oil and was about eight inches in diameter on a concrete floor, the surrounding area of the floor being dry and in good condition. It is normal and usual in the operation of this kind of business *187 to have some dripping of oil from cars that stop in the area. The defendant Buick Company maintained a system, in effect on the day of the accident, designed to detect and remove oil and grease spots, each morning before opening for business having a porter sweep the area, with porters and other employees cautioned to be on the alert for such spots during the day and to remove them by sprinkling with a specially designed oil absorbing sand. No proof was offered by either side as to how long the offending oil spot had been on the floor. The defendants deny any prior actual knowledge of the existence of the spot and the plaintiff has offered no evidence to contradict this denial.
The applicable general law is quite clear. The plaintiff, as a customer of the Buick Company, was an invitee to whom that company owed the duty to use ordinary care in maintaining its premises in a reasonably safe condition for use by the invitee. See Mercer v. Tremont & G. Ry. Co., La.App.1944, 19 So.2d 270; Burdeaux v. Montgomery Ward & Co., La.App.1939, 192 So. 728; 38 Am.Jur., Negligence §§ 96, et seq.; 65 C.J.S. Negligence §§ 43(1), et seq.
The defendants first seek to avoid liability because of the absence of proof that the Buick Company had any knowledge, either actual or constructive, of the presence of the oil spot, relying on the principle of law to the effect that the operator of a business establishment is not the insurer of the safety of his customers, is liable only for injuries resulting from negligence on his part, and will not be held negligent unless such actual or constructive knowledge is proved by the plaintiff, who carries the burden of such proof. Boucher v. Paramount-Richards Theatres, La.App.1947, 30 So.2d 211; Powell v. L. Feibleman & Co., La.App.1939, 187 So. 130.
We agree that this principle is well settled law. But the degree and amount of required care due by the operator of the business to the customer depends on each set of facts, and we are of the opinion that, under all the circumstances involved in the instant case, an employee of the defendant Buick Company, and therefore the company itself, was guilty of negligence which caused the accident.
The record contains the testimony of only two persons who saw the accident happen. One was the plaintiff himself and the other, a defense witness, was an employee of the defendant Buick Company, a "service advisor", whose duty it was to take repair orders from customers. Their testimony is conflicting and, peculiarly, in one particular each tends to favor the opposing side.
On the point with which we are here concerned the plaintiff testified as follows:
"* * * As I drove up I brought my car to a complete stop and opened the door. As I alighted from the car, my left foot first, I slipped on something greasy, oil or grease, and fell backwards striking my head and also my back on the pavement.
* * * * * *
"Q. As you got out of the car did you maintain any grasp until you were safely out of the automobile?
"A. As I got out of the car, as I always do, I opened the door, the left front door, with the left hand, with the right hand on the steering wheel, bracing it."
The defendant's employee testified as follows:
"Q. Did you see the accident occur, Mr. Booth?
"A. Yes, sir.
"Q. Would you describe it please?
"A. Rev. Dyer came in and I opened the door for him, and I asked him what services did he need. In doing so he stepped from his automobile and he slipped on a smudge of grease *188 which was on the service floor at the time, from the previous car. He slipped and he fell. I asked him if he hurt himself and he shook his head no. And as far as I know that was the conclusion of it, as far as I know of the incident."
As can be seen from these excerpts, it is the plaintiff's testimony that he himself opened the car door in order to get out, and it is the testimony of the defendant employee that he, said employee, opened the door for the plaintiff. Regardless of this conflict, in view of this and all the other testimony in the record, we are satisfied that the employee, who inquired about the repairs needed for the purpose of taking the order, was very close to and facing the car occupied by the plaintiff, both immediately before the plaintiff started to leave the car and while he was leaving. This employee was in a position, obviously superior to that of the plaintiff, to see the oil spot. His testimony is that he did not see it. But it was there, right in front of him, a spot of oil eight inches in diameter on a concrete floor otherwise dry and in good condition. If he did not see the spot he certainly should have.
The duty owed by the operator of the establishment includes the use of reasonable care in the protection of the invitee and the discovery of reasonably discoverable conditions which may be dangerous and either, time permitting, the correction thereof or a warning to the invitee of the danger. See Alexander v. General Accident Fire & Life Assur. Corp., La.App. 1957, 98 So.2d 730; Matranga v. Travelers Ins. Co., La.App.1952, 55 So.2d 633; Ellington v. Wallgreen Louisiana Co., La. App.1949, 38 So.2d 177.
The case against the defendants would be stronger if the employee, as he testified, had opened the car door for the plaintiff, and the trial court may have found this as a fact. But even if we accept the other version, i.e., that the employee stood at the side of the car and talked to the plaintiff while the latter opened the door and got out of the car, there was negligence on the part of the defendant Buick Company. For, as pointed out above, defendant's employee saw, or should have seen, the dangerous spot of oil into which the plaintiff would likely step as he got out of his car. He owed to the plaintiff at least a duty to warn him of the danger and no such warning was given.
The other defense relied on by the defendants is that of contributory negligence. They contend that, while seated in his car for some three to five minutes prior to parking and getting out, the plaintiff should have noticed the oil spot on the floor and to step into the oil after having the opportunity of observing the same constituted negligence on the part of the plaintiff.
The record does not establish as a fact that the oil spot could be seen from the place where the plaintiff first stopped. There was a distance of some twenty or thirty feet from this point to the place where he later parked and fell. The plaintiff testified that he did not see the spot and that, while waiting before driving to the final parking position, he did not know where he was going to park, thus having no opportunity to carefully examine any particular place in the reception area. Certainly, after he had parked and was about to get out of the car, the plaintiff was in a disadvantageous position from which to see the oil spot which was very close to his side of the car. In addition, the plaintiff had a right to expect some warning from the employee and the further right to rely upon the absence of such a warning. We are in agreement with the finding of the trial court to the effect that the plaintiff was not guilty of contributory negligence.
The judgment in favor of the plaintiff was in the amount of $1,725.75 of which $600 was for pain and suffering. In his answer to the appeal the plaintiff has asked that the award for pain and suffering be increased from $600 to $1,800.
*189 The plaintiff suffered an acute lumbo-sacral strain which required strapping, medication, bed rest and, when the same did not respond to the treatment given, absolute bed rest. He suffered considerable pain and was unable to return to work for a period of three months. We feel that the award of $600 is inadequate and should be increased to $1,000 so that the total judgment will be increased from $1,725.75 to $2,125.75.
It is therefore ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, John C. Dyer, and against the defendants, Stephens Buick Company and New Amsterdam Casualty Co., in solido, in the full sum of $2,125.75, with legal interest thereon from date of judicial demand until paid, the awards as to expert fees to remain as fixed in the trial court judgment, and the defendants to pay all costs.
As thus amended the judgment appealed from is affirmed.
Amended and affirmed.