HENRY F. TURNER, Judge pro tern.
The defendant in this case, Boh Brothers Construction Company, a construction contracting company insured by Travelers Insurance Company, was in the process of installing some underground equipment in the City of New Orleans at the intersection of Canal and Magazine-Decatur Streets. To protect the public and in order to keep *259 traffic, both vehicular and pedestrian, moving, they erected barriers to block off the area o'? the street upon which the work was being done. The excavation was in the form -óí a rectangle, but on the river end of Canal Street there was a small neck-like projection of a further excavation which was covered by an iron plate which was 12 feet square or 3 x 4 and about inch thick.
The plaintiff herein alleged that on June 18, 1959, at approximately 8:05 a. m., while traversing the intersection at this point, she necessarily had to walk upon the iron plate and that when she stepped upon the plate, she felt a slight give and that her feet flew up from under her and she sat down very hard.
She alleged that she sustained rather serious injuries as a result of said fall. She seeks to hold the defendants responsible in damages for her injuries and alleged negligence in the following particulars:
“1. In placing a slick and smooth piece of iron metal across the excavation for the passage of pedestrians.
“2. In allowing the metal to become covered with fine particles of sand which caused the piece of metal to be extremely difficult to walk upon.
“3. In not providing a safe way of passage for a pedestrian to walk after having caused the excavation and the existing circumstance.
“4. In not placing signs which would warn pedestrians of the unsafe conditions of the piece of iron.
“5. In not providing rails for a pedestrian to hold on to while crossing the piece of metal.”
The defendants denied negligence on their part and plead, alternatively, contributory negligence on the part of the plaintiff.
On the trial of the case the district court rejected plaintiff’s demands and dismissed her suit, stating that in the opinion of the court she had shown no negligence on the part of the defendants whatsoever. Plaintiff has appealed from this judgment.
A review of the testimony in the case convinces us that the judgment of the lower court is correct. While the plaintiff in the case had a rather bad fall on the iron plate in question, there is no evidence whatever to indicate that the fall was due to the iron plate or its condition at that time. The evidence shows that plaintiff was thoroughly familiar with this construction project at that point as she had had occasion to pass it many times prior to the date of her fall. She complains that there were no warning signs placed at that point nor a safe place for pedestrians to walk. Inasmuch as she was familiar with the conditions existing, signs would have meant nothing to her. The law is clear that where a person, whether the operator of a motor vehicle or a pedestrian, knows of an unusual or dangerous condition which exists in the path which he is about to traverse, he should take extraordinary care in so doing.
The plaintiff in this case was the only person who testified with regard to her fall, and although we have examined her testimony minutely, we fail to find wherein she has ascribed a reason for said fall. We find that in her testimony with regard to how the accident happened, she stated:
“ * * * There was traffic coming behind me, and I was moving with the light. There was traffic stopped on the opposite way, and when I stepped on this plate I felt a slight give, and my feet flew up from under me and I sat down very, very hard. * * * ”
Again in her testimony we find:
“Q. It would be your testimony to this court that that metal gave a little ?
“A. I would say it wasn’t stationary — I mean, completely stationary, that I felt a give on it.
*260 “Q. And that is what caused you to fall?
“A. I don’t know what caused me to fall except my feet flew up, and I sat down on that metal plate.”
Again in her testimony we find:
“Q. And are you actually, as I understand it, complaining that this piece of metal had give to it, as you say, and that is what you think caused you to fall ?
“A. I don’t know what caused me to fall, other than that my feet flew up from under me when I stepped on it.”
It will be noted that in the further questions and answers that she avoided ascribing a “give” to the metal. Of course, the “give” could have been to her ankle, her foot, her knee or her shoes. She did not say that the metal plate gave and caused her to fall. The witnesses for the defendants stated that this heavy piece of iron was for the pedestrian and vehicular traffic and that in their opinion a piece of iron plate the size and weight of this could not give under the weight of a person weighing 120 pounds, which was the weight of the plaintiff. She did not say that she slipped and fell due to the slick condition of the iron plate. Nor did she say the sand on the plate caused or contributed to her fall. Sand is often used to help traction.
Having reached the conclusion that plaintiff has failed to prove to any degree that her unfortunate accident was caused by the negligence of the defendants, we conclude that the judgment of the district court was correct. In view of this conclusion, it is unnecessary that we discuss the question of contributory negligence.
For the reasons assigned, the judgment appealed from is affirmed at defendants’ cost.
Affirmed.