HOOD, Judge.
This is an action for damages instituted by Jasper N. Miller and his wife, Marguerite W. Miller, against J. W. Lewis, Jr.; his wife, Mrs. Dorothy Jackson Lewis; the House of Fashion, alleged to be a partnership composed of Mr. and Mrs. Lewis; and the liability insurer of Mr. Lewis, New Amsterdam Casualty Company. Plaintiffs allege that Mrs. Miller slipped and fell on snow and ice which had accumulated on a private walkway leading from the public sidewalk to the front entrance of the House of Fashion, a beauty shop which was being operated by defendants, Mr. and Mrs. Lewis. Mrs. Miller claims damages for personal injuries which she sustained as a result of this fall. Mr. Miller claims damages based largely on medical expenses incurred by him and loss of wages resulting *678 from his wife’s injuries. On the day of the trial an exception of no cause of action was filed in behalf of Mrs. Lewis and the House of Fashion, which exception was maintained and the suit was dismissed as to these defendants. After trial on the merits, judgment was rendered by the trial court in favor of the remaining defendants, Mr. Lewis and New Amsterdam Casualty Company, rejecting plaintiffs’ demands and dismissing the suit. Plaintiffs have appealed.
Subsequent to the lodging of the appeal in this court, and shortly before the date scheduled for argument of the case, plaintiffs filed a motion to remand the suit to the trial court for the purpose of taking additional evidence on the issue of quantum, plaintiffs alleging as a basis for the motion that since the trial of the case they had discovered new and additional medical testimony relating to the injuries which had been sustained by Mrs. Miller. That motion, together with the issues raised by this appeal, are now before us for determination.
The evidence establishes that an accident occurred in Alexandria, Louisiana, as alleged by plaintiffs at about 1:20 p. m. on January 12, 1962. The weather on that date was extremely cold. On January 9, the temperature dropped to a low of 17 degrees and snow and sleet fell during the day. The records of the United States Weather Bureau show that a total of 1.4 inches of snow fell on that date. On January 10, temperatures ranged from 10 to 21 degrees, with one inch of snow remaining on the ground. On January 11, temperatures ranged from 9 to 23 degrees. And, on January 12, the date of the accident, the temperature dropped to 5 degrees, but gradually increased during the day until it reached a point somewhere between 32 and 34 degrees by the time the accident occurred. Snow and ice covered the ground in the Alexandria area during this entire four-day period.
Mrs. Miller was a school teacher in Alexandria, but school had been dismissed on Tuesday, January 9, because of the extremely cold weather, and the schools did not reopen until Monday, January IS. Mrs. Miller had remained at her home from January 9 until Friday, January 12, because she felt that it was “unsafe to walk and to drive” due to the snow and ice on the ground. She had an appointment at the House of Fashion, a beauty shop, as was her weekly custom, at 1:30 p. m. on January 12. Her daughter drove her to the beauty shop, arriving at about 1:20 p. m., and parked the car on the side of the street directly in front of the shop. A public sidewalk runs parallel to the street in front of this place of business, and a privately owned concrete walk runs from this public sidewalk to the front door of the House of Fashion, the front of that building being situated about 30 feet from the sidewalk.
As Mrs. Miller alighted from the car she noticed that the private walk leading from the street to the House of Fashion, as well as the lawn on either side of that walk, was completely covered with ice and snow. She knew that ice and snow were slippery and that it was dangerous to walk on it, and because of that fact she wore “a pair of those rubber soled Keds with the ridges in the bottom” because she thought it would be less hazardous walking on the snow and ice with that type shoe. After alighting from the car, she walked from the sidewalk on this snow-and-ice-covered private walk toward the beauty shop, but she slipped and fell when she reached a point about half way between the sidewalk and the shop.
Mrs. Miller testified that it was difficult to walk on this private walk “as walking on snow and ice goes.” She knew that on either side of the private walk there was a grass covered lawn, although the grass also was covered with snow and ice, but it did not occur to her that walking on the grass instead of the concrete walk may have been safer. She testified that she fell in a sitting position on the sidewalk and that the fall caused her to suffer painful injuries to her back.
*679 The House of Fashion, although owned by Mr. Lewis, was under the complete management and control of an employee, Mr. Charles Ray McTire. The day before this accident occurred Mr. McTire had slipped and fallen on the same ice-covered private walk, and later that day he attempted to get some of the ice off the front steps of the building, but after making an unsuccessful effort to do so he concluded that he was “fighting a problem” so he discontinued his efforts. Neither Mr. McTire nor defendants put up any signs or notices warning customers of the danger, and they did not put sand, salt or ashes on the walkway before the accident which precipitated this suit occurred.
The trial judge, after analyzing all of the evidence in his excellent reasons for judgment, concluded that defendants, through their agents or employees, had knowledge of the slippery condition of the private walk leading to the front entrance of the House of Fashion, and that they were negligent in failing to attempt to correct that condition. He further concluded, however, that the danger was as apparent to Mrs. Miller as it was to the defendants, that Mrs. Miller nevertheless undertook to walk on the private walkway with full knowledge of the danger, and accordingly, that she is barred from recovery because of her own contributory negligence. Judgment accordingly was rendered in favor of defendants, rejecting plaintiffs’ demands.
We will consider first the issue of whether defendant Lewis, as proprietor of the beauty shop was negligent in failing to exercise reasonable and ordinary care in providing a safe walkway for plaintiff.
Mr. Lewis was the lessee of the premises on which the business known as the House of Fashion was conducted. The owner-lessor of that property is not a party to this action. Mrs. Miller, the injured plaintiff in this suit, was on the leased premises as an invitee or business visitor of the defendant Lewis at the time the accident occurred. Alexander v. General Accident Fire and Life Assurance Corp., La.App. 1 Cir., 98 So.2d 730 (Cert. denied); Grelle v. Patecek, La.App. 1 Cir., 74 So.2d 349 (Cert. denied).
The general rules which are applicable to cases of this type are stated in 65 C.J.S. Negligence, § 50, as follows:
“The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. * * *
“The basis of the inviter’s liability for injuries sustained by the invitee on the premises rests on the owner’s superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from, a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition zvhich was as well known or as obvious to the invitee as to the inviter, or which the inviter had no reason to believe would not be discovered by the invitee. There is no duty to warn the invitee of any defect or danger which is as well-known to the invitee as to the ozmer or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care. However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant, may be held liable for the injury.” (65 C.J.S. Negligence § 50, pages 541-545, Emphasis added).
*680 This general rule has been approved and applied consistently by the appellate courts of this State. In Levert v. Travelers Indemnity Company, La.App. 3 Cir., 140 So.2d 811, for instance, we said:
“The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
“On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it. (Citations omitted.)” (140 So.2d 813, Emphasis added).
In Sherrill v. United States Fidelity & Guaranty Company, La.App., 3 Cir., 132 So.2d 72, we stated:
“As a general rule, the owner of premises ‘is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the in-vitor,’ Alexander v. General Accident Fire & L. Assur. Corp., La.App., 1 Cir., 98 So.2d 730, 734. ‘However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury,’ 65 C.J.S. Negligence § 50 p. 545.” (132 So.2d 74, Emphasis added).
In Baker v. Hartford Accident and Indemnity Company, La.App., 1 Cir., 136 So. 2d 828 (Cert. denied), where the plaintiff slipped and fell on the concrete floor of a service station which was unusually slippery because of water and a detergent being used in cleaning the floor, it was held that defendant was not negligent and plaintiff’s demands were rejected because “such compound (detergent) was readily visible to him,” and that “he was obviously aware of the fact the surface of the concrete in the station over which he voluntarily proceeded to walk was wet.” In Lawson v. D. H. Holmes Co., La.App., 200 So. 163, plaintiff slipped on an iron slab situated at the entranceway of the store, which slab had become wet from rain. The court denied recovery assigning as one of the reasons that “Mrs. Lawson knew that it was raining and she is to be charged with knowledge of the fact that one is apt to slip upon any wet surface.” The court further observed that “this accident did not happen in some dark walkway in the store,” but that it occurred “in broad daylight, and there is no pretense that there was anything to prevent any shopper from seeing and knowing precisely what the conditions were.” In the recent case of Burns v. Child’s Properties, Inc., La.App., 3 Cir., 156 So.2d 610 (Cert. denied), plaintiff slipped and fell just inside the door of a supermarket, the floor at that point *681 having become wet by water which had been tracked in by customers. We held that the storekeeper was not negligent in failing to keep the floor dry at that point because a reasonably prudent person of ordinary intelligence would be aware of the fact that the floor would be wet just inside the door, and that under those circumstances the customer is obligated to exercise the degree of care which would be expected of a reasonable and prudent person. In Battles v. Wellan, La.App., 2 Cir., 195 So. 663 (Cert. denied), plaintiff contended that the defendant storekeeper was negligent in permitting water to remain on the tile flooring of the arcade of a building. Our brothers of the Second Circuit, in affirming the trial court, held that the storekeeper was not negligent because the slippery condition of the floor was observable by the plaintiff. The court pointed out that plaintiff, a grown middle-aged woman, “deliberately walked from a wet sidewalk onto the floor of the arcade of defendant’s store, had walked over that same flooring many times before, knew its construction, especially its smoothness of surface, could easily have observed whether there was water accumulated on any portion of it or whether it was wet and slippery.” It then concluded, “We do not think defendant guilty of actionable negligence.”
And, in St. Julien v. Fireman’s Fund Insurance Company, La.App., 3 Cir., 127 So.2d 245, where plaintiff slipped and fell in the alcove at the entrance of a commercial building which had become wet from rain, we held that she was not entitled to recover because there was no negligence on the part of the defendant. One of the reasons why we concluded that defendant was not negligent was that the hazardous condition was observable by a reasonably prudent person of ordinary intelligence. In that connection we said:
“ * * * the circumstance that the entranceway to commercial buildings may be more slippery in wet weather than in dry is not of itself sufficient to constitute actionable negligence on the part of the property owner, when such a condition is observable by a reasonably prudent person of ordinary intelligence and when then the en~ trancezvay can be traversed in safety by the exercise of ordinary care. * * ” (127 So.2d 247, Emphasis added).
Applying the rules set out in the above-cited cases, it appears that the defendant Lewis must be held to be free from negligence, since the slippery condition of the private walkway was not only observable by plaintiff, but it was actually observed by her and she fully appreciated and was aware of the danger before she voluntarily undertook to walk from the public street to the front entrance of the beauty shop.
Plaintiffs, however, in support of their argument that defendants are chargeable with negligence, refer us to five cases which have been decided by the appellate courts of this State, viz.: Dyer v. Stephens Buick Co., La.App., 4 Cir., 125 So.2d 185; Bowers v. Lumbermens Mutual Casualty Company, La.App., 2 Cir., 131 So.2d 70; Richard v. General Fire and Casualty Company, La.App., 3 Cir., 155 So.2d 676; Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913; and McMurray v. Aetna Casualty & Surety Company, La.App., 2 Cir., 141 So.2d 898. We think these cases are distinguishable from the instant suit. In the Dyer case, for instance, the court found that plaintiff did not see and could not reasonably have seen the oil spot upon which he slipped before the accident occurred, while in the instant suit there is no question but that the slippery condition of the walk was clearly observable and Mrs. Miller knew that the walk was covered with snow and ice. In the Bowers case, where plaintiff slipped and fell on the floor of a supermarket, the court found that Mrs. Bowers could not and did not observe the damp spot on the floor which caused her to fall. In the Richard case we found that “Although Mrs. Richard could observe that the surface was wet, she *682 could not reasonably appreciate that, because of the unusually slick surface of the porchway, the wetness in this instance produced a slipperiness beyond that reasonably to be anticipated, i. e., a hazard greater than was reasonably observable.” And, the Gilliam and McMurray cases, unlike the instant suit, involved actions by an employee of the lessee against the owner-lessor of the property on which the accident occurred, and each of those cases involved the failure of the owner to repair a defect in the condition of the leased premises. In the instant suit the owner-lessor is not a party defendant and there are no allegations or proof of any defects in the premises on which the accident occurred. For these reasons we feel that none of the cited cases are applicable here.
In the instant suit the evidence shows that the condition of the private walkway was clearly observable by Mrs. Miller or by any other invitee. There were no hidden dangers in the nature of traps or pitfalls which were not plainly visible to her. And Mrs. Miller makes it clear in her testimony that she was well aware of the danger of walking on a concrete walk covered with ice and snow. She purposely had remained in her home for several days prior to the date of the accident because of the danger of attempting to walk or drive on the ice-covered walks and streets, and when she finally did venture out she wore a special type of shoe which she thought would somewhat decrease the danger of slipping while walking on ice; She testified that she knew that “ice is slippery,” and that after she alighted from the car and before she fell, she experienced “the ordinary difficulty” of walking on ice. The evidence shows that the beauty shop had remained open for several days prior to the accident, while snow and ice were on the ground, and that customers kept their regular appointments and entered and left the shop during that period. Although the manager of the beauty shop slipped and fell the day before this accident occurred, there is no showing that anyone else slipped and fell on those premises prior to Mrs. Miller’s fall. The evidence shows, therefore, that customers could enter and leave the beauty shop safely by the exercise of proper care.
Under the circumstances existing in this case, and applying the rules which we think have been firmly established by our jurisprudence, we conclude that defendant Lewis was not negligent in failing to remove the ice and snow from the private walkway leading to the beauty shop or in failing to erect signs warning invitees of this clearly observable, natural and well known hazard. In our opinion the defendant-occupant of the premises exercised reasonable or ordinary care for the safety of invitees commensurate with the particular circumstances involved here. We agree with the result reached by the trial judge, therefore, that defendants are not liable for the damages sustained by plaintiffs as a result of this fall.
Having concluded that defendants are free from negligence, it is not necessary for use to consider the issue of whether Mrs. Miller was chargeable with contributory negligence. Also, it is unnecessary for us to inquire into the correctness of the judgment of the trial court maintaining the exceptions of no cause of action filed by Mrs. Lewis and the House of Fashion.
Since plaintiffs are not entitled to recover, nothing would be accomplished by remanding the case to the trial court for additional evidence as to quantum. For that reason, aside from any other reasons which may exist, we have concluded that the motion should be denied.
For the reasons herein assigned, the judgment appealed from is affirmed, and the motion filed by plaintiffs to remand the case to the trial court is denied. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.
*683 TATE and CULPEPPER, JJ., dissent and assign written reasons.