HARDY, Judge.
This is an action ex delicto in which plaintiff prayed for damages for personal injuries and he has appealed from judgment rejecting his demands.
This is a slip-fall case. Most of the material facts have been established without dispute. Plaintiff, in company with members of his family, visited defendant’s funeral home on the night of December 20, 1962, for the purpose of viewing the body of his deceased father. On the date shown a fine mist had been falling most of the day and this condition continued during the *750 time of plaintiff’s arrival at and departure from defendant’s building. Plaintiff arrived in a family automobile which was parked on the premises of a vacant filling station adjacent to the south line of defendant’s property. Although the building faces on Louisiana Avenue toward which the main entrance is accessible, plaintiff approached the building by walking through a gap in a hedge, across the lawn and the drive and up a flight of five or six concrete steps leading up to the south end of the building, walked along the porch and entered the front door. After remaining in the chapel for a brief period of about twenty minutes, more or less, plaintiff walked out of the front door, turned to his right and began to retrace the route by which he had entered. Reaching the flight of steps at the south end of the porch he began the descent, or was in the course thereof, and sustained a fall which precipitated him down the flight of steps onto the driveway, as the result of which he sustained the injuries for which he seeks compensation in this action.
The grounds of plaintiff’s claim rest upon the allegations that his fall was caused (1) by the existence of the “extremely slick” or “slippery” condition of the porch; and (2) the lack of proper illumination, both of which conditions are charged as being due to the negligence of defendant.
There is not the slightest evidence in the record to support the first contention. The porch is constructed of wooden tongue and grooved boards painted with a gray col- or porch and deck paint. The building itself is of an old type semi-Colonial residential nature and the porch, over six and one-half feet in width, extends across the entire front of the building. The ceiling, supported by four columns, extends over the porch at a height of some fifteen to twenty feet and obviously does not give complete protection to the floor against inclement weather conditions. There is no doubt as to the fact that the steps and the porch were wet and this condition was observed by plaintiff as he entered the building. However, it was not established that there was any collection of moisture in the nature of pools or puddles, nor, as above noted, does the record support a conclusion that the floor or the steps were slick or slippery.
The only remaining claim of negligence rests upon the contention of the lack of adequate illumination and it is to this point that most of the attention of counsel for plaintiff has been devoted. The sources and nature of the exterior lighting of defendant’s premises is established by the testimony and the photographic exhibits. The lighting fixtures on the porch consisted of a chandelier type light suspended at a distance a little above the height of the building directly over the front door and a bracket lantern type light on each side of the front door. Outside the building there was a flood light at about the second story level on the wall and a light from a first floor window, both on the south side of the building and in close proximity to the steps by which plaintiff entered; a large street light between the sidewalk and the street at the southeast corner of the road; a Neon sign on the south lawn between the driveway and the hedge, and two gas lights located near the sidewalk on either side of the walk leading to the front of the porch.
In the attempt to sustain the charge of negligence due to the lack of proper illumination plaintiff primarily relies upon the testimony of an expert witness qualified as an electrical and mechanical engineer, who made an examination of the premises at about 8:10 P.M. on June 9, two days before trial of the case. In connection with his examination this witness used a light meter. After careful examination of the testimony of this witness we are of the opinion that it gives little, if any, aid or support to plaintiff’s contention. The gist of the expert’s conclusion was summed up in his statement of opinion that there was not sufficient light to permit observation of moisture at the south end of the porch. The effect of this testimony is completely de *751 stroyed by the testimony of plaintiff himself that he observed the damp surface of the porch at the time of his entrance into the building. In further connection with the testimony of the expert witnesses, it is pertinent to observe that he admitted that he could read his light meter, which was no clearer than most newspaper print, by bending over from a standing position. It is further noted that this witness testified that “there were a lot of lights around — ”, and that there was enough light to permit him to see the steps at the south end of the porch from across the street as he drove up.
The conclusion that plaintiff was an invitee is not open to question. It follows that the duty of defendant is measured by the requirement of the exercise of ordinary care in the maintenance of its premises. On the basis of the facts established on trial, we are firmly convinced that plaintiff has signally failed to establish any lack of ordinary care or any degree of negligence on the part of defendant. The general principles that an owner is responsible only for the duty of ordinary care and that proof of proximate cause is an absolute requisite to recovery were recently reiterated in Allen v. Honeycutt (La.App. 2nd Cir., 1965, writs denied), 171 So.2d 770.
Even if any negligence on the part of defendant has been established, it is clear that plaintiff was guilty of contributory negligence which would effectively bar his right to recovery. Plaintiff observed and knew the condition of the steps and porch at the time of his entrance into the building and the hazards of which he complains, if, indeed, they had truly existed, had not changed nor increased during the period of a few minutes which intervened before he retraced his exact route of entrance. On this point the opinion of this court in the comparatively recent case of Ensminger v. Great Atlantic & Pacific Tea Co. (La.App. 2nd Cir., 1963), 152 So.2d 586, is appropriate. Also applicable to the issue of contributory negligence are the cases of Youngblood v. Newspaper Production Company (La.App. 2nd Cir., 1963, writs refused), 158 So.2d 432, and Green v. Acosta (La.App. 1st Cir., 1965), 173 So.2d 291.
Counsel for plaintiff strongly relies upon the cases of Ford v. City of Shreveport (La.App. 2nd Cir., 1964), 165 So.2d 325, and Hesse v. Marquette Casualty Co. (La.App. 4th Cir., 1964, writs refused), 170 So.2d 173. The facts in these cases are not merely distinguishable but are so completely different from those involved in the instant case that they have neither application nor analogy.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.