CHASEZ, Judge.
Plaintiff, Herbert J. Babin, Jr., brought this suit for damages for personal injuries he sustained in a fall from a ladder on the stage of the Municipal Auditorium. Named defendants are the New Orleans Opera House Association and the City of New Orleans, and their respective insurers. The City of New Orleans filed a third-party action against the New Orleans Opera House Association, alleging that by the terms of the lease agreement existing between the two, New Orleans Opera House Association, as lessee, assumed responsibility for defects in the premises.
After trial on the merits, the Court below rendered judgment against the plaintiff and in favor of all defendants on the main demand, and in favor of defendant, New Orleans Opera House Association and against plaintiffs, the City of New Orleans and The Travelers Insurance Company on the third party demand.
Plaintiff has appealed devolutively.
Plaintiff was asked, as a friend, to record with a tape-recording machine an opera being presented by defendant, New Orleans Opera House Association, in the Municipal Auditorium. He was to tender this service gratuitously, and had done this for the Association on other occasions in the past.
The recording was to be made from a platform backstage and about 15 feet above the floor of the stage. The only available access to this platform was a ladder which had been placed in position for his use by an employee of the New Orleans Opera House Association. The record reveals that plaintiff and a Mr. Rieth, an officer of the Association and personal friend of plaintiff, made two trips up, and two trips down the ladder to install the recording equipment. Shortly before the opera was to begin, plaintiff returned and climbed the ladder for the third time that evening to operate the equipment. On this trip, he fell and sustained the injuries for which he claims recompense.
Plaintiff concedes that, from the facts as they developed during trial of the case, *360 the City of New Orleans is not liable. However, he contends that the judgment was in error in not holding the New Orleans Opera House Association liable. In what particulars there was error, he does not make clear.
It is conceded that plaintiff was an invitee, and that “An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.” Alexander v. General Accident Fire & L. Assur. Corp., La.App., 98 So.2d 730.
The occupant is not the insurer of the invitee; the care required of him is that commensurate with the particular circumstances involved. Crittenden v. Fidelity & Casualty Co. of New York, La.App., 83 So.2d 538.
In the instant case, plaintiff argues that the duty has been breached by defendant in “Furnishing a ladder which spreads at the bottom and collapses when the invitee climbs it to reach his destination. * * *»
It appears that the ladder in question was a step ladder. There is some dispute as to whether it was wooden or aluminum, and evidence as to both a wooden and an aluminum ladder is in the record, but it does not appear that either ladder was defective in any respect. One of these ladders was the one that was used.
While a non-defective ladder could be placed for use in a negligent manner, this does not appear to have been the case.
The ladder was a step ladder, and though it was not used in the manner step ladders are ordinarily used, (placed in a folded position, leaning against the side of the balcony with the top flange lying over the balcony ledge), it does not appear that this was an uncommon or improper means of using such a ladder. As a matter of fact, it appears that the ladder was more stable in such a position that it would have been if opened. The plaintiff himself testified that that was how he had always used the ladder.
“Q. Now, do you know whether or not you had ever used this particular ladder on any other occasion?
A. I would say we did use it before.
Q. Had it always been in the same type of position, leaning against the balcony rather than apart?
A. Yes.
Q. And the positioning of that ladder with this little flange lying on the balcony was such that you could pull on it and it wouldn’t come down, isn’t that right?
A. I told you that yesterday when I brought Mr. Dubourg. He went to take a look at the ladder. We pushed the ladder in approximately the same position and it wouldn’t move at all. In fact I went up the ladder about it.”
We specially note the fact that several trips had previously been made up this same ladder this same evening by plaintiff carrying heavy recording equipment.
The plaintiff must prove that he fell due to some fault on the part of the defendant, and the record does not reflect any such proof.
For the foregoing reasons the judgment of the trial Court is Affirmed.
Affirmed.