**Myrtle Brister SALIM and Sam Salim, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 24164.**

United States Court of Appeals Fifth Circuit.

July 7, 1967.

W. R. Jackson, Jr., Leesville, La., Wood & Jackson, Leesville, La., for appellants.

E. V. Boagni, Asst. U. S. Atty., Shreveport, La., Edward L. Shaheen, U. S. Atty., for appellee.

Before JONES, GEWIN and SIMPSON, Circuit Judges.

GEWIN, Circuit Judge:

This action was brought in the United States District Court for the Western District of Louisiana by Myrtle Brister Salim and her husband, Sam T. Salim, under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., to recover damages for personal injuries sustained by Mrs. Salim while attempting to descend the icy steps of a United States Post Office in Leesville, Louisiana. Although the district court found

that the Government was negligent and that such negligence was a proximate cause of the accident, the court held that Mrs. Salim was barred from recovery because of her own contributory negligence. The Salims appeal from the judgment of the court dismissing the case. Although we do not disagree with all of the findings and conclusions of the district court, we find it necessary to reverse and remand for the reasons hereinafter stated.

During the night of December 22, 1963, and the early morning hours of December 23, the temperature in Leesville, Louisiana, dropped to a low of 18 degrees F. Due to the fact that it had also rained during the night, a thick coating of ice formed on the steps of the United States Post Office in Leesville. At approximately 9:30 A.M. Mrs. Salim approached the steps leading to the front door of the Post Office, which was the only door available to the public. Mrs. Salim noticed the condition of the steps and that sand had been spread on the ice, and, therefore, carefully ascended the steps with the aid of the handrailing on her left side and entered the Post Office. She transacted her business and as she emerged from the Post Office she attempted to walk from the door to the protective railing on her left in order to descend the steps as safely as possible. However, Mrs. Salim never reached the rail. As she left the door of the Post Office headed for the left hand rail, her foot slipped and she fell and suffered severe injuries to her back.

The Post Office employees customarily put salt or sand on the steps to make the ice hard and rough in order to prevent slipping. On the morning in question postal employees had arrived early to alleviate the icy conditions. Such employees had tried to remove the ice but were unable to do so. Consequently, strips of cardboard had been placed on the steps next to the rails but were later removed and sand had been spread over the entire area including the steps, landings and entrance way. However, the General Services Administration, who had charge of the building maintenance, had previously ordered employees to cease using salt to melt the ice and instead had directed them to use a certain type of chemical called "calcium chloride anhydrous," which when applied to ice, rapidly causes it to melt. In accordance therewith, the Post Office had ordered the chemical sometime during the fall months of 1963 in ample time for it to arrive before the winter season. Unfortunately, the General Services Administration had failed to deliver such chemical and consequently none had been applied to the icy steps of the Post Office. In fact the chemical arrived not long after the accident occurred, and by 2:00 P.M. the chemical had melted most of the ice on the Post Office steps.

The district court found that the Government was negligent in that it failed to exercise reasonable or ordinary care for the safety of those entering and leaving the Post Office premises when it failed to make the chemical, calcium chloride anhydrous, available to those it had ordered to use it, and that such negligence was a proximate cause of the accident. Such finding is in accordance with Louisiana law and is well supported by the evidence.

Under Louisiana law[1] the duty owed an invitee[2] by an occupier of premises includes the duty to use ordinary care to keep its premises in a reasonably safe condition. Babin v. American Employers' Ins. Co., et al., 185 So.2d 358 (La.App. 4 Cir. 1966); Parvino v. Wellman's Funeral Parlors, Inc., et al., 176 So.2d 749 (La.App. 2 Cir. 1965); Dyer v. Stephens Buick Co., et al., 125 So.2d 185 (La.App. 4 Cir. 1960); Mahfouz v. United Brotherhood of Car-

---

1. Since the Federal Tort Claims Act, 28 U.S.C. § 2672, provides that liability will be determined in accordance with the law of the place where the act or omission occurred, Louisiana law will govern.

2. The Government does not dispute the fact that Mrs. Salim was an invitee, and under Mercer v. Tremont & Georgia Railroad Co., 19 So.2d 270 (La.App. 2 Cir. 1944) such was clearly her status.

penters, Local 403, 117 So.2d 295 (La. App. 2 Cir. 1959); Alexander v. General Accident Fire & Life Assurance Corp., 98 So.2d 730 (La.App. 1 Cir. 1957); Ellington v. Walgreen Louisiana Co., Inc., 38 So.2d 177 (La.App. 2 Cir. 1949).

The postal employees were well aware of the weather conditions during the night of December 22, 23 and knew the Post Office steps would be frozen over in the morning. They arrived at the Post Office early in the morning for the express purpose of alleviating the icy conditions in order to make the entrance to the Post Office as safe as possible. The employees were under instructions to use the chemical, calcium chloride anhydrous, so as to melt any accumulation of ice as rapidly as possible, and the record discloses that these employees had placed an order for this chemical several months previously. However, they were prevented from using this material on the morning in question by the very fact that the Government had failed to deliver such chemical to its employees. Had the chemical been available it would certainly have been used. And if such chemical had been used, the steps would not have been in as dangerous a condition as they were when Mrs. Salim arrived at the Post Office later in the morning. Consequently, the Government was causally negligent in failing to supply its employees with the chemical it had ordered them to use.

The district court then went further and found that Mrs. Salim was barred from recovery because of her own contributory negligence. The court, in part, based its conclusion that Mrs. Salim was contributorily negligent on its finding that Mrs. Salim was negligent in the manner in which she attempted to descend the steps. We quote from the court's opinion:

"She could have, when leaving the Post Office, turned to the left and walked over on the platform to the steps directly to the handrail and made her descent down the steps in that manner. If she had done so, she would probably not have fallen."

We are unable to find any evidence in the record to support the district court's finding that Mrs. Salim was contributorily negligent in not turning to the left and walking directly over to the handrail. In fact, the record discloses that Mrs. Salim did exactly what the above quoted statement by the district judge said she should have done. Since there were no eye witnesses, Mrs. Salim's account of the accident is the only evidence on this point in the record. She testified as follows:

"A. I went and picked up my mail and had a package, and I went to the window and the package was not mine, so I just gave it back to them and turned aroud. And with my mail, coming back down the steps, *as I came out the door and was reaching for the rail—which would be to my left* as I was sitting here, *that would be to my left as I was coming down—* my foot slipped on the ice.

\* \* \* \* \* \*

"Q. Now, had you actually gotten to the rail at the time that you slipped?

"A. No, I was *reaching for the rail* and my foot slipped.

\* \* \* \* \* \*

"Q. Now, you testified in chief that as you *approached the handrailing*, you slipped and fell down to the first neutral landing?

"A. Yes sir.

"Q. How near did you get to the handrailing before you slipped?

"A. I was *just fixing to grab it* when I slipped." (Emphasis added.)

In addition to this testimony, Mrs. Salim marked the spot where her foot slipped on a photograph of the front of the Post Office building. The spot so marked is in a direct line from the door to the left handrail, approximately one step from the door and one step from the left rail. Her testimony finds some support in the testimony of other witnesses as to her position immediately after the fall and before she was helped to her feet. In light of this

uncontradicted evidence, we conclude that the district court's finding that Mrs. Salim was contributorily negligent in not turning to her left and walking directly to the handrail is clearly erroneous.

■■ Nevertheless, the district court also found that Mrs. Salim was negligent in that she undertook to walk over icy steps with full knowledge of the danger involved. Louisiana courts have uniformly held that an owner is not liable for injury to an invitee resulting from a danger which was observable or which should have been observed by the invitee or from a danger which the invitee should reasonably have appreciated before exposing herself to it, nor does the owner have a duty to warn an invitee of Miller et al. v. New Amsterdam Cas. should be observed by the invitee in the exercise of ordinary care. Boutte v. American Motorist Ins. Co. et al., 176 So.2d 833 (La.App. 3 Cir. 1965); Miller et al. v. New Amsterdam Cas. Co. et al., 164 So.2d 676 (La.App. 3 Cir. 1964); Daire v. Southern Farm Bureau Cas. Ins. Co., 143 So.2d 389 (La.App. 3 Cir. 1962); Levert et al. v. Travelers Indemnity Co., 140 So.2d 811 (La.App. 3 Cir. 1962); Baker v. Hartford Accident & Indemnity Co., 136 So.2d 828 (La.App. 1 Cir. 1961); Sherrill v. United States F. & G. Co., 132 So.2d 72 (La.App. 3 Cir. 1961); Ransom v. Kreeger Store, Inc., et al., 158 So. 600 (La.App.1935). In accordance with these cited cases the district court concluded as follows:

"Applying the facts of this case to the law as set out in the preceding paragraph, we conclude that the danger here was most apparent and that Mrs. Salim nevertheless undertook to walk where she did with full knowledge of the danger and accordingly, she is barred from recovery because of her own contributory negligence."

We are unable to determine what effect the court's earlier observation as to the course of action Mrs. Salim should have taken, and which the evidence shows she actually did take, had on the above quoted conclusion denying recovery. We gain the impression that if the District Judge had concluded that Mrs. Salim did actually follow the course of action prescribed in his opinion, she would not have been guilty of contributory negligence, and he would not have denied recovery.[3] In any event, we find an insurmountable ambiguity in the court's opinion in view of our conclusion that the finding of fact first mentioned is clearly erroneous.

Without undertaking to decide the case on its merits or to suggest to the district court the conclusion it should reach, we do take note of some impressive facts disclosed by the record. The record shows that Mrs. Salim exercised due care in her attempt to get from the door of the Post Office to the railing. The Government attorney tried to elicit from Mrs. Salim and other witnesses whether or not she could have approached the railing more cautiously or whether she should have walked to the railing at a different angle by following the outside wall of the Post Office building so as to approach the railing from behind. Answers to these questions clearly disclose that Mrs. Salim attempted to walk to the handrail with all due care and that her choice of approach route was not only the nearest route from the door to the rail but also the choice which a reasonable person would have made.

■ Moreover, a large number of people entered and left the Post Office on the morning in question. There were no other accidents reported, but accidents are the exception rather than the rule in the normal course of events. The fact that Mrs. Salim fell and others did not, does not indicate that she was guilty of negligence. It may be inferred that apparently the numerous persons who

3. Bragg v. Boh Brothers Construction Company (La.App. 1962) 147 So.2d 258, 259, where the court stated:
"The law is clear that were a person, whether the operator of a motor vehicle or a pedestrian, knows of an unusual or dangerous condition which exists in the path which he is about to traverse, he should take extraordinary care in so doing."

used the steps during the morning were not restrained by their appearance. It was known to the postal employees that the Post Office would be used extensively so near Christmas time. They knew of the dangerous condition and undertook to correct it, but their efforts were admittedly ineffective because of the absence of the proper material which the Government had failed to supply. The fact that sand was scattered over the entire area might be said to constitute some type of assurance or invitation to enter upon and use the steps, or perhaps the presence of sand would lead an invitee to conclude that the steps had been made safe for use. It was the duty of the Government to take corrective measures commensurate with the circumstances involved. Babin v. American Employers Insurance Co., supra.

Reasonable care is a relative term, which varies with the situation and the circumstances. Ellington v. Walgreen Louisiana Co., supra. Apparently Mrs. Salim had entered the Post Office safely, and apparently she was following the same procedure as she left. The burden of proving contributory negligence which will bar recovery is an affirmative defense which the pleader must allege and prove by a preponderance of the evidence in "slip-fall" cases. Richard v. General Fire & Casualty Co. (La.App. 1963) 155 So.2d 676, 678. While it is true that the owner of the premises is not liable for injury to an invitee resulting from danger which is observable or which should have been observed by the exercise of reasonable care, Daire v. Southern Farm Bureau Casualty Ins. Co., supra, the duty of the owner to use reasonable care to keep the premises reasonably safe for invitees remains and runs concurrently with the duty of the invitee to protect himself. In circumstances where the invitee does not fully appreciate the danger and is not negligent in failing to appreciate it, the owner may be held liable for the injury. Miller v. New Amsterdam Casualty Co., supra; Sherrill v. United States F&G Co., supra; Levert v. Travelers Indemnity Co., supra.

It is our conclusion that the district court should make further findings and conclusions in light of this opinion, and therefore, the cause is reversed and remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.