BOUTALL, Judge.
The present case comes to us on appeal from a judgment dismissing plaintiff’s suit for personal injuries against an insurer on a homeowner’s liability policy under the Direct Action Statute, LSA-R.S. 22:655.
The basic facts are uncontested. By the testimony of the injured plaintiff, Mrs. Masters, and corroborated by the insured homeowner, Lloyd Appel (not a party to *509 the present suit), Mrs. Masters, came to the Appel home on the morning of January 3, 1970, to inquire as to Mrs. Appel’s health, having heard that she was sick. Mrs. Appel was a friend and neighbor, living three houses down the street from Mrs. Masters. After a short visit, Mrs. Masters went out the front door, and while talking to Mr. Appel and traversing the front porch, consisting of a concrete slab, she fell and was injured. There were several electric wires or extension cords, connecting to various Christmas decorations, running across the slab, in the following configuration. A single cord ran from a light fixture over the door, down the door moulding on one side, to the surface of the porch slab. At this point it was fixed by staples to the wall moulding. It extended across the slab to a point near the edge, where it terminated in a three-way socket or plug, to which three cords were plugged in, one to a snowman, and one to each of two candles placed on either side of the sidewalk leading from the porch to the street. These candles were fixed in place by being set over stakes driven into the ground, so that the electric wires were held down tight against the slab. One wire crossed the slab to reach the candle on the opposite side of the sidewalk, and plaintiff alleges that this is what caused her fall.
This wire was admittedly not taped or secured flat to the slab although Mr. Appel testified it was held down tight by the candles being fixed in place. It would not give if caught by the foot, since it was stapled down at the other end. The color of these wires were stated as brown or beige, Mrs. Masters testifying that beige to her was a brown or lighter brown. It is alleged that this color was unnoticeable against the grey concrete, and its color and location constituted a dangerous condition created by the negligence of the homeowner. This condition, it is argued, creates liability to an invitee such as Mrs. Masters, who is injured thereby.
The law of Louisiana in slip-and-fall cases is discussed in detail in the case of Miller v. New Amsterdam Casualty Co., 164 So.2d 676 (La.App. 3rd Cir, 1964) writs refused 246 La. 842, 167 So.2d 668 (1964). Appellant cites to us a group of cases in which foreign objects were allowed to remain in aisles of stores, such as a painter’s cloth, Lindsey v. Travelers Indemnity Co, 111 So.2d 153 (La.App. 2nd Cir, 1959); a projecting platform, Robnett v. Great American Ins. Co. of New York, 187 So.2d 152 (La.App. 2nd Cir, 1966); banana juice, Singleton v. Foodtown, Inc, 195 So.2d 439 (La.App. 3rd Cir, 1967); okra, Lang v. Winn-Dixie Louisiana Inc, 230 So.2d 383 (La.App. 1st Cir, 1969). Recovery in these cases is based on the theory that the aisles of a store are meant to be kept clear at all times for constant free passage, since the invitees, customers, are not expected to look at the aisle floors, but are meant to be distracted by merchandise on the shelves. In other situations, the invitee is held to be contributorily negligent when the condition causing the fall is obvious and discoverable and the invitee through inattention does not discover it. Miller v. New Amsterdam Casualty Co, supra; Salim v. United States, 382 F.2d 240 (U.S.C.A. 5th Cir, 1957); Alexander v. General Accident Fire & Life Assurance Corp, 98 So.2d 730 (La.App. 1st Cir, 1957).
In the present case, Mrs. Masters admitted that, previously, on entering the house through the same door by which she left, she saw the wires running over the porch near the entrance and saw the decorations and “extension cords running everywhere”. The cord was obvious enough for her to notice, as she noticed it on the way in while concerning herself with the health of Mrs. Appel, her friend; not only should she have noticed it again on the way out, but she had knowledge that it was there. The facts are thus distinguishable from those in Brown v. State Farm Fire & Casualty Co, 252 So.2d 909 (La.App. 2nd Cir, 1971), urged to us by appellant, since in that case the invitee tripped over a rock left on the steps in the darkness and had *510 not passed that way previously. The rock was thus a hidden danger in the nature of a trap or pitfall, and the invitee had no knowledge of its presence.
We note that Mrs. Masters in her testimony stated that she was looking where she was going when she fell, but did not see the cord. However, she testified, that as she exited the door, Mr. Appel was talking to her and she turned around to face him and talk to him, and then turned to go and fell. Later, she testified that she was walking while talking, looking behind her at Mr. Appel, and indicates a great lack of attention on her part as to where she was going. Indeed, counsel for appellant in his argument acknowledged this, stating that the situation comes under the doctrine of “momentary forgetfulness’’ as espoused in the case of Hill v. Lundin & Associates, Inc., 243 So.2d 121 (La.App. 1st Cir., 1970). We note that there is a rather strong dissent in that case by Judge Sar-tain, who would hold the doctrine inapplicable, and also that the Supreme Court granted a writ of review, 257 La. 983, 244 So.2d 856, and reversed on grounds of liability, 260 La. 542, 256 So.2d 620 (1972), pretermitting discussion of the application of the “momentary forgetfulness” doctrine in rather desultory language.
In that case, a woman in running to prevent a small child from tripping over a ladder, hurried to intercept him and fell over the ladder herself. The court of appeal held this to be in the nature of a “sudden emergency” and as such, a bar to the plea of contributory negligence. See also 65A C.J.S. Negligence § 120(2) which recites:
“Momentary forgetfulness of, or inattention to, a known danger may, and usually does, amount to negligence, but forgetfulness of, or inattention to, such danger will not always constitute negligence. When a person has exercised the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances, he is not negligent merely because he temporarily forgot or was inattentive to a known danger. To forget or to be inattentive is not negligence unless it amounts to a failure to exercise ordinary care for one’s safety. Regard must be had to the exigencies of the situation, and the circumstances of the particular occasion.
“Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care, as where the situation requires one to give undivided attention to other matters, or is such as to produce hurry or confusion, or where conditions arise suddenly which are calculated to divert one’s attention momentarily from the danger. A lapse of memory, to excuse forgetfulness of a known danger, need not, as a general rule, be induced by a sudden disturbing cause in the sense of some startling event momentarily driving memory from the mind and causing forgetfulness.
“Generally, a lesser degree of prudence may be sufficient to constitute ordinary care where plaintiff’s attention is distracted by a natural and usual cause, particularly where the distraction is placed there by defendant or where defendant in the exercise of ordinary care should have anticipated that the distraction would occur. While diverting circumstances in general or standing alone are not sufficient to negative contributory negligence, the nature of the diverting circumstances must be considered with respect to the entire circumstances of each particular case.
“In order to excuse forgetfulness of, or inattention to, a known danger, some fact, condition, or circumstance must exist which would divert the mind or attention of an ordinarily prudent person; mere lapse of memory is not sufficient, and, if, under the same or similar circumstances, an ordinarily prudent person *511 would not have forgotten or have been inattentive to the danger, such conduct constitutes negligence.”
This doctrine obviously has no application in the present case, where there is no act save mere inattention going on at the time of the fall. Casual conversation with another is not such a circumstance as to distract a reasonably prudent person from the exercise of ordinary care. If we should find the defendant’s actions to constitute negligence, we must also find the plaintiff’s actions to constitute contributory negligence and this is not excused by the doctrine of “momentary forgetfulness”. This precludes any recovery on her part, and also on the part of her husband, co-plaintiff, since her negligence is imputable to him. Waters v. Pharr Bros., Inc., 228 So.2d 91 (La.App. 2nd Cir., 1969), writ refused, 254 La. 1101, 229 So.2d 113.
There is some doubt in the record as to whether Mrs. Masters in fact tripped over the cord. Her testimony was that she didn’t know what she tripped over. She further stated, “I don’t know what I hit. All I know, I landed on the ground. That is all I can say”. Mr. Appel also stated that he did not see her catch her foot on anything. It seems that the assumption was made that since the cord was near, that Mrs. Masters tripped over it. However, the cord was near the edge of the slab, as noted previously in the testimony, and Mrs. Masters may have fallen off the edge, or simply slipped as she turned around away from Mr. Appel. This is sufficient to support a finding below that the cord did not cause the fall.
However, assuming, although we do not decide, that the condition of the electrical cord across the porch was an unsafe condition, Mrs. Masters’ contributory negligence was a proximate cause of her injury, and plaintiffs’ recovery is barred thereby. Alexander v. General Accident Fire & Life Assurance Corp., supra.
For the above reasons, the judgment below dismissing plaintiff’s suit is affirmed, Costs to be borne by appellants.
Affirmed.
LEMMON, J., dissenting with written reasons attached.