GUIDRY, Judge.
For the reasons assigned in the companion case of Petite v. Richardson, et al., 347 So.2d 23, Docket No. 5979, we have concluded that the accident giving rise to this litigation was proximately caused by the joint and concurring negligence of the plaintiff, Annie A. Johnson and the defendant, Doris Richardson. Defendants having pleaded the contributory negligence of Mrs. Johnson as a defense, the judgment rendered by the trial court in the instant suit in favor of Annie Johnson and Woody Johnson, husband and wife, and against defendants, Doris Richardson and United Services Automobile Association must be reversed and set aside. We here note that having determined that the accident was in part caused by the negligence of Annie A. Johnson, such determination precludes any recovery on the part of her husband, Woody Johnson for medical expenses and property damage sustained, as the wife’s negligence is imputable to the husband. Masters v. State Farm Insurance Company 266 So.2d 508 (La.App. 4th Cir. 1972).
Further, for the reasons hereinabove set forth, we find that the reconventional demand of the defendants, Doris Richardson and her insurer, was properly dismissed by the trial court.
The sole remaining issue in this case is the quantum of the award made by the trial court in favor of Audrie Johnson, a guest passenger in the Johnson vehicle.
The trial court awarded Audrie Johnson $750.00 in general damages. Appellants question this award urging that there is no evidence to support the same.
The record reflects that Audrie Johnson was not physically injured. She sustained not even the slightest bruise or contusion. She required no medical attention of any kind and sought none. Her demand for damages is supported solely by her own testimony to the effect that although she was not injured she was upset for about two hours post accident. We opine that the degree of emotional trauma sustained by Miss Johnson was extremely minimal and was clearly by her own admission of very short duration. Miss Johnson *33 offered no corroborative evidence to support her claim of being upset. None of the other witnesses who testified, including Au-drie’s mother and father, even mentioned her being upset or that she exhibited signs of emotional trauma.
Based upon the above evidence, which we deem insufficient, we find that the trial court abused its great discretion in awarding Audrie Johnson general damages. Simply stated, Audrie Johnson has failed to carry her burden of proving that she sustained a compensable injury.
For the above and'foregoing reasons and those that have been set forth in the companion case of Petite v. Richardson et al., 347 So.2d 23, Docket No. 5979, the judgment of the trial court in favor of Annie A. Johnson and Woody Johnson, husband and wife, and Audrie Johnson, against Doris Richardson and her insurer, United Services Automobile Association is reversed and set aside. It is ordered, adjudged and decreed that there be judgment in favor of Doris Richardson and United Services Automobile Association and against Annie A. Johnson and Woody Johnson, husband and wife, and Audrie Johnson, dismissing the demands of the latter with prejudice. It is further ordered, adjudged, and decreed that the judgment of the trial court dismissing the recon-ventional demand of Doris Richardson and United Services Automobile Association is affirmed.
All costs of these proceedings in both the trial court and on appeal are to be borne equally by the plaintiffs-appellees and the defendants-appellants.
REVERSED IN PART; AFFIRMED IN PART.
DOMENGEAUX, J., concurs in part and dissents in part and assigns reasons.
WATSON, J., concurs in part and dissents in part for reasons assigned in No. 5979,347 So.2d 23.