DOUCET, Judge.
This is a tort action brought by plaintiffs, Mr. and Mrs. Jerry Aucoin for damages sustained as a result of an automobile accident. Defendants are Orren Birdwell, his employer, Louisiana Paving Company, Inc., and the latter’s liability insurer, Highlands Insurance Company. Plaintiffs have appealed from a judgment of the district court, dismissing their suit, based on a finding of contributory negligence. We affirm.
The sole issue raised by this appeal is whether or not plaintiffs are barred from recovery because of contributory negligence attributable to Mrs. Aucoin.
On October 28, 1977 at about 3:30 P.M. a pickup truck, driven by Mr. Birdwell, collided with an automobile, driven by Mrs. Jerry Aucoin, on U.S. Highway 167 in St. Landry Parish, north of the City of Opelousas. At the trial of the case, Mrs. Aucoin and Mr. Birdwell presented substantially different versions of the circumstances leading up to the accident.
According to Mrs. Aucoin’s testimony, she was proceeding in a northerly direction, en-route to a neighborhood convenience store located on the western or left side of the highway. She estimated her speed to be about 40 mph. When she was approximately one-tenth of a mile away from her destination, she activated the left turn signal indicator on her car. At that point, she looked into the inside rear view mirror and observed the Birdwell vehicle approximately two-tenths of a mile behind her, also travelling in the northbound lane. There are no hills or curves to obstruct visibility on that particular section of the two-lane highway, and Mrs. Aucoin testified that she did not observe any other vehicles. As she approached her turn, she slowed her car to approximately 20 mph and just as her left front tire crossed the centerline of the highway looked into the left outside rear view mirror. Seeing no traffic behind her at that time, she continued to execute her left turn. She testified that she was unconcerned about the disappearance of the vehicle that she had seen earlier, because she assumed that it had turned off onto a parish road located a short distance to the south. Moments later, the left front of the Birdwell vehicle struck the left rear of her car. The point of impact was at about the middle of the southbound, or passing, lane.
Mr. Birdwell testified that contrary to Mrs. Aucoin’s assertion, she had actually *1262 activated her right turn signal indicator, rather than the left, and that prior to her abruptly made left turn, the right wheels of her car had left the road and were on the right shoulder. He claimed that he entered the southbound lane in an attempt to avoid the impending accident. That section of the highway was designated by an uninterrupted yellow line as a no passing zone. Despite sharply applying his brakes and leaving 57 feet of skid marks, running straight down the southbound lane, his vehicle collided with Mrs. Aucoin’s and came to a rest 110 feet from the point of impact.
The trial court expressed a preference for Mrs. Aucoin’s version of the facts. After carefully examining the full transcript of the testimony, including that of the state police officer who investigated the accident, we agree that hers is the more credible. Furthermore, even if we could accept Mr. Birdwell’s version without reservation, we would nonetheless be convinced that he was clearly negligent in failing to keep his vehicle under control and being unable to bring it to a stop in time to avoid the accident. The question which remains to be answered is whether or not Mrs. Au-coin was also negligent under the circumstances of this case.
 This court recently discussed the duty of a left turning motorist in Ryder v. Trisler, 367 So.2d 1257 (La.App. 3rd Cir. 1979). That duty is not met by simply giving a proper signal. The driver must also make an adequate observation to the rear to determine that the turn can be safely made. Ardoin v. Chachere, 207 So.2d 574 (La.App. 3rd Cir. 1968); Williams v. Inabnett, 345 So.2d 1294 (La.App. 3rd Cir. 1977); Petite v. Richardson, 347 So.2d 23 (La.App. 3rd Cir. 1977). Although Mrs. Au-coin testified that she looked to the rear on two separate occasions, we do not believe that she satisfied her duty of observing in this case. Mr. Birdwell’s vehicle was there to be seen, and we believe that a proper observation by Mrs. Aucoin would have revealed its presence and alerted her to the fact that the turn could not be safely made. Therefore, we agree with the trial court that Mrs. Aucoin was contributorily negligent and that her negligence was a proximate cause of the accident.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by plaintiffs-appellants.
AFFIRMED.